UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CAGLE, JR.

    Plaintiff,

                                      Case No. 2:18-cv-12041
                                      HON. GERSHWIN A. DRAIN

vs.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#17], OVERRULING PLAINTIFF'S OBJECTIONS [#22], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#16] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#13]**

**I.    INTRODUCTION**

This matter is before the Court on the parties' Cross Motions for Summary Judgment pertaining to Plaintiff Joseph Cagle, Jr.'s claim for judicial review of Defendant Commissioner of Social Security's denial of his application for supplemental security income benefits. The matter was referred to Magistrate Judge Mona K. Majzoub, who issued a Report and Recommendation on July 29, 2019, recommending that the Court deny Plaintiff's Motion for Summary Judgment, and grant the Defendant Commissioner's Motion for Summary

-1-

Judgment. Plaintiff filed objections to the Report and Recommendation on September 3, 2019, and the Defendant filed a Response to Plaintiff's objections on September 17, 2019.

For the reasons discussed below, the Court overrules Plaintiff's objections, accepts and adopts Magistrate Judge Majzoub's Report and Recommendation, grants Defendant Commissioner's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

**II. STANDARD OF REVIEW**

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The district court may affirm, modify or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Under § 405(g), the courts have limited power regarding the Commissioner's decision, "the findings of the commissioner of social security as to any fact if supported by substantial evidence, shall be conclusive." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1976).

**III. ANALYSIS**

Plaintiff first objects to the Magistrate Judge's conclusion that the ALJ did not err in finding that Plaintiff did not meet or equal Listing 12.03. Listing 12.03 provides that a claimant is disabled if he has a mental impairment that satisfies the following criteria:

    A. Medical documentation of . . .

    1. Delusions or hallucinations . . .

        AND

    B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning . . .

        ***
    2. Interact with others . . .

        ***
    4. Adapt or manage oneself . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03.[1]

Contrary to Plaintiff's objection, the Magistrate Judge correctly concluded that substantial evidence supports the ALJ's conclusion that Plaintiff does not meet

---

[1] Plaintiff limits his claim to "interacting with others" and "adapting or managing oneself" under Paragraph B.

or equal Listing 12.03 because he does not have extreme limitation of one, or marked limitation of two areas of mental functioning listed in paragraph B. Similar to Plaintiff's arguments in his Motion for Summary Judgment, Plaintiff's objection asks this Court to reweigh the evidence. Plaintiff refers the Court to evidence that he believes establishes he meets Listing 12.03. Yet, this Court must affirm the Commissioner if substantial evidence supports the ALJ's conclusion that Plaintiff has not met Listing 12.03. This Court's "task is not to reweigh the evidence." *Mullins v. Sec'y of Health and Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) (citing *Wokojance v. Weinberger*, 513 F.2d 210 (6th Cir. 1982)); *see also Albanna v. Comm'r of Soc. Sec.*, No. 15-cv-14264, 2016 WL 7238925, at *12 (E.D. Mich. Nov. 22, 2016), adopted by 2016 WL 7210715 (Dec. 13, 2016) (quoting *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014) ("Arguments which in actuality require 're-weigh[ing] record evidence' beseech district courts to perform a forbidden ritual.").

The Magistrate Judge correctly determined that substantial evidence supports the ALJ's determination that Plaintiff had only moderate limitation in the areas of "interacting with others" and "adapting or managing oneself." The ALJ relied on the fact that Plaintiff could sustain a conversation, leave his home daily to visit with friends, and that he was very pleasant, friendly, and had good eye contact with the consultative examiner. He further relied on the fact that multiple mental

status examinations showed limited abnormalities, that Plaintiff was described as stable and doing well with his medications despite ongoing substance abuse. The ALJ also relied on the fact that no State agency psychological consultant had concluded that a mental Listing was medically equaled. In fact, a State agency psychologist specifically opined that Plaintiff did not satisfy Listing 12.03.

The ALJ also noted that Plaintiff could manage his psychiatric conditions with appropriate treatment. He further noted Plaintiff enjoyed gardening, which suggested an ability to independently plan and make realistic goals. In addition, the ALJ relied on multiple benign mental status examinations. These examinations support a finding of moderate limitation with respect to adapting and managing oneself. For instance, in the reports from these examinations, Plaintiff's hygiene and grooming are described as average and his impulse control and judgment as adequate and/or within normal limits. He further relied on evidence that Plaintiff's "recent mental status exams from this year show improved findings[,]" including "intact memory, orientation, and at least fair judgment."

While Plaintiff directs the Court to other evidence in the record, this does not undermine the ALJ's conclusion. The Sixth Circuit has explained that:

> The fact that a record may also possess substantial evidence to support a different conclusion than that reached by the ALJ or that a reviewing judge might have decided the case differently is irrelevant.

*Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). Plaintiff's objection to the Magistrate Judge's conclusion that the ALJ's decision is supported by substantial evidence is overruled.

Plaintiff also objects and argues for the first time that there should have been a medical opinion or medical expert at the hearing to address whether Plaintiff's mental impairment was equivalent to a Listing. Because Plaintiff never raised this issue with the Magistrate Judge, this argument is not properly before the Court. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Plaintiff's objection is also overruled.

## IV. CONCLUSION

Accordingly, the Plaintiff's objections [#22] are OVERRULED. The Court hereby ACCEPTS and ADOPTS Magistrate Judge Mona K. Majzoub's July 29, 2019 Report and Recommendation [#17], GRANTS the Commissioner's Motion for Summary Judgment [#16], and DENIES Plaintiff's Motion for Summary Judgment [#13].

       SO ORDERED.

Dated: September 19, 2019        /s/Gershwin A. Drain
       GERSHWIN A. DRAIN
       United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 19, 2019, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager